

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## No. WR-81,722-01

### EX PARTE THOMAS ERIC LEE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 37,695-A
### IN THE 66TH DISTRICT COURT FROM HILL COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use of a motor vehicle and sentenced to eight years' incarceration. There was no direct appeal.

In a letter to the trial court, Applicant complained about his trial counsel's representation. The trial court appointed counsel, who filed a habeas application alleging as follows:

> Applicant's trial counsel coerced Applicant into pleading 'no contest' before the trial court without a plea offer. Trial counsel told Applicant that counsel was going to be elected district judge and Applicant had better hurry and plead to the charges because counsel would throw the book at him once counsel took the bench. Applicant did not know that counsel could not preside over his trial if counsel were in fact elected (which he was not). As a result of trial counsel's coercion, Applicant pleaded 'no contest' to the UUMV charge.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The habeas record forwarded to this Court contains no response from trial counsel, and it does not appear that the trial court entered an order designating issues or made findings of fact.

The trial court shall order Applicant's trial counsel to respond to the claim that he coerced Applicant's no contest plea. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997). To obtain the response, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing and if Applicant is no longer represented by appointed counsel, the trial court shall determine whether Applicant is indigent and wishes to be represented by counsel. If Applicant is indigent and desires counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04. The trial court shall make findings of fact and conclusions of law regarding Applicant's claim that his no contest plea was coerced. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014
Do not publish